## Kondrosky, Admrx., et al. *v.* McKeesport, Appellant.

Argued March 30, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*D. H. McConnell,* with him *Harry M. Jones,* for appellant.

*Edward O. Spotts, Jr.,* with him *David S. Palkovitz,* for appellees.

OPINION BY MR. JUSTICE DREW, April 13, 1942:

Anna Kondrosky, a minor, fell on a defective sidewalk in the City of McKeesport and sustained an injury

which resulted in her death about fifteen months later. This action in trespass was originally brought by her parents, in her behalf and for themselves, against the City of McKeesport, and after the minor's death, the administratrix of her estate was substituted as a party plaintiff. The jury returned verdicts of $5,260 in favor of the administratrix and $2,303 in favor of the parents. The learned court below overruled defendant's motion for a new trial and judgments on the verdicts were entered. These appeals followed.

The uncontradicted testimony shows that after dark on the evening of March 26, 1937, the minor, who was then about eighteen years of age, was walking along Jerome Street, when her foot caught in a hole in the sidewalk approximately four inches in depth and eight inches across, and she fell and sustained a severe sprain of her right ankle. The sidewalk had been in this defective condition for about five months prior to the time of the accident. The ankle was swollen and she suffered considerable pain following the injury, and for a period of almost five months she attempted to care for it herself, by the application of various home remedies. She found it necessary to go to the hospital, and on August 21, 1937, she was admitted to the McKeesport Hospital, when, after a complete physical examination, she was found to have osteomyelitis of the injured ankle, but otherwise she was healthy and well-nourished, weighing about one hundred twenty pounds. She was confined in the hospital until October 13, 1937. There a cast was placed on her ankle, and this she wore until sometime in December, 1937, when it was removed. She returned to her home, where she remained until February 9, 1938, when again she was compelled to return to the hospital. At that time she presented a very emaciated appearance and weighed but eighty pounds. Her injured ankle was then swollen and had a blue color, and there was a small discharging sinus over it. A thorough examination was made and it was discovered that she was suffering from tubercular

osteomyelitis of the right ankle and pulmonary tuberculosis. After again returning to her home, where she spent some time, she was admitted to the Allegheny County Hospital at Woodville on June 14, 1938, and there died the next day of pulmonary, laryngeal and intestinal tuberculosis.

To prove the proximate cause of death, plaintiff called Doctors Bryce, Weddell and Erhard, three attending physicians, whose testimony, if believed by the jury, established that the sprain had caused the osteomyelitis of the ankle, which in turn resulted in tuberculosis of the ankle and that the tuberculosis had spread to the lungs, larynx and intestines, causing death. This testimony was not seriously controverted by defendant. In an attempt to show that the injury to the ankle did not cause the death, defendant called Doctor Noah, who had not attended or examined the minor, but his testimony was of little help. He admitted on cross-examination that he could not make a positive statement that the minor had tuberculosis at the time of the accident. He further admitted that the contention of plaintiffs was possible, but in his judgment not probable. He also stated that he thought that it was most probable that the osteomyelitis, with which the minor was found to be suffering at the end of August, 1937, was attributable to the sprain received at the time of the fall. He readily admitted that damage to the bone would make it possible for the tubercular bacilli to occur at that spot. It is obvious from a reading of the medical testimony that the causal connection between the accident and the death was adequately shown, and that it would have been gross error for the court below not to have submitted the case to the jury.

Defendant does not dispute its negligence, nor does it ask for judgment n. o. v. It contends strenuously, however, that the charge of the court was prejudicial and inadequate, and that a new trial should have been granted. We have most carefully examined the charge as a whole, and are of one mind that the trial court was

just, and that the charge was neither inaccurate nor inadequate. There was no fundamental error and the submission was fair to all parties. We found nothing prejudicial to defendant. Furthermore, the amounts of the verdicts afford no reason for defendant to complain. In view of the fact that suit was instituted in behalf of the minor in her lifetime, jointly with her parents, and considering her age, the pain, suffering and inconvenience occasioned, the loss of earning power, and the expense incurred, we are convinced that the verdicts are not excessive.

Judgments affirmed.